## W. P. WADE *v.* JAMES WILLIAMS.

Contract—Parol Agreement Binding.

> W. a remote assignee of Wade, made a parol agreement that if
> a sale bond, taken by a sheriff in satisfaction of a judgment of Wade,
> was quashed, and Wade was compelled to refund any part of same,
> that he (W.) would pay the same without suit to avoid costs and
> further litigation. Held, that the promise was founded upon a sufficient
> consideration, and binding upon W.

APPEAL FROM MARION CIRCUIT COURT.

October 14, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

Although Wade was not the immediate assignee of Williams, still he was invested with all the rights of Robards to whom the note was assigned. And Williams was ultimately liable to him on the assignment, in case the note could not be collected by the use of legal diligence. Whilst presuming this legal diligence, Williams voluntarily promised that in case the sale bonds, taken by the sheriff in satisfaction of Wade's judgment were quashed, and he was compelled to refund any part of the money received on the same, that he (Williams) would pay him the money without suit, as he did not wish to be put to costs about it. The bonds were quashed and Wade was compelled to refund a portion of the money collected. And this action is prosecuted to compel Williams to perform his said agreement. We hold that the promise was founded upon a sufficient consideration. Williams was both morally and legally bound to Wade on the assignment, he could dispense with the diligence required of Wade by the law if he chose, and he did so, as he said, to save costs. His promise doubtless lulled Wade into fancied security and prevented him from attaching the funds of H. P. Crowdus in the hands of the commissioner. Williams should not now be allowed to take advantage of Wade's failure to do what he agreed he would not require him to do.

For these reasons the judgment of the court below, dismissing

Wade's petition is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Harrison, for appellant.*